# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDI DEARMON,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant.<br>_____ | Case No.: 1:12-cv-00345-AWI-SKO<br><br>**ORDER TO FILE DECLARATION SUBSTANTIATING PLAINTIFF'S PLACE OF RESIDENCE AND SHOW CAUSE WHY THE CASE SHOULD NOT BE TRANSFERRED** |

On March 7, 2012, Plaintiff filed the present action in this Court. Plaintiff seeks review of the Commissioner's denial of her application for benefits. In her complaint, Plaintiff asserts that venue is proper in the Fresno Division of this district because she is a resident of Fresno County. (Docs. 1, 2.) However, the Court finds nothing in the record that indicates Plaintiff currently resides in Fresno County or in a county that is within the Fresno Division of the U.S. District Court for the Eastern District of California ("Eastern District"). For example, notice of the Appeals Council's January 3, 2012, denial of review was sent to Plaintiff in Jackson, California, which is in Amador County. (Administrative Record ("AR") 1.) The hearing before the Administrative Law Judge took place in Sacramento, California. (AR 52.) The appointment of representative form that Plaintiff completed reflects that Plaintiff resides in Jackson, California. (AR 94.)

    Federal law is clear on the issue of venue – the claimant must file suit in the judicial district where he or she resides, or has a principal place of business. 42 U.S.C. § 405(g). If the claimant

files suit in the wrong district, the Court may transfer venue to the proper district. Because the evidence contained in the Administrative Record does not comport with the Civil Cover Sheet Plaintiff submitted as to her place of residence, Plaintiff shall file a declaration under penalty of perjury setting forth her address at the time she filed her complaint and her current address, to the extent it has changed since March 7, 2012. In support of her declaration, Plaintiff shall provide documentary evidence sufficient to establish her residential address at the time she filed her complaint, and her current address to the extent it has changed since March 7, 2012, such as a utility statement. To the extent Plaintiff's place of residence is not within this district, Plaintiff should show cause why this case should not be transferred to the appropriate district court.

Accordingly, IT IS HEREBY ORDERED that **on or before January 4, 2013**:

1. Plaintiff shall file a declaration signed under penalty of perjury setting forth her place of residence at the time she filed her complaint in this matter and her current residential address, to the extent it has changed since March 7, 2012; and

2. To the extent Plaintiff's place of residence is not within this district or within the counties of the Fresno Division of the Eastern District, Plaintiff shall show cause why this case should not be transferred to the appropriate district or division.

IT IS SO ORDERED.

**Dated:    December 18, 2012**              /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE

2